

**INVESTOR COUNSEL**

November 24, 2015

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *Zagami v. Cellceutix Corporation,* 1:15-CV-07194 (KPF)

Your Honor:

      Plaintiff writes in response to Defendants' letter dated November 19, 2015. Plaintiff does not object to Defendants' request that the Court expedite its consideration of the lead plaintiff motion because there were no competing lead plaintiff applications. However, Plaintiff respond to Defendants' baseless assertion that Plaintiffs Nicole O'Connell and Gary Zagami committed perjury in their PSLRA certifications. Both Plaintiffs O'Connell and Zagami reviewed and authorized the filing of a complaint and the amended complaint, respectively, prior to their filing. Therefore, their PSLRA certifications are accurate. Defendants have provided no facts or law for their accusations that there was any impropriety.

      Plaintiff respectfully requests that Defendants' request for a briefing schedule for Defendants' planned motion to dismiss be stricken as procedurally improper, because Defendants' letter both exceeds the three page limitation set by the Court's individual rules of practice for pre-motion letters, and in contravention of those same rules, fails to set forth the basis for the planned motion to dismiss. Plaintiff also requests they be given leave to file an amended complaint within 45 days of the Court's order appointing lead plaintiff. In addition, Plaintiff writes to correct factual inaccuracies in Defendants' letter, and to inform the Court of the improprieties committed by defense counsel in this litigation.

**Defense Counsel's Conduct in this Litigation**

      Defense Counsel sent a letter to the Rosen Law Firm on October 22, 2015, demanding that it withdraw the complaint or face sanctions under Rule 11. Cellceutix Corporation also issued this Rule 11 letter as a press release on a national wire service, available at http://cellceutix.com/cellceutix-responds-to-rosen-law-firm. The press release identified Michael Sullivan as Cellecutix's litigation counsel in this action, but at the time the press release was issued, Mr. Sullivan, who is not a member of the SDNY bar, was not admitted *pro hac vice*. New York law forbids an attorney not admitted to practice in New York from holding himself out to the public as an attorney. N.Y. JUD. LAW § 478. The next day, Mr. Sullivan's office served on Plaintiffs a formal notice of motion for Rule 11 sanctions, signed by Mr. Sullivan. "'Practice of law' includes 'the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, No. 88 CIV.

4486 (DNE), 1996 WL 383237, *3 (S.D.N.Y. July 8, 1996) (*quoting In re Schwerzmann*, 408 N.Y.S.2d 187, 189 (App. Div. 1978)).

That same day, Jonathan Stern, of the Rosen Law Firm, contacted Mr. Sullivan in response to his Rule 11 letter, observing that that lead plaintiff had not been appointed, and that if the Rosen Law Firm were appointed lead counsel, we intended to amend the complaint. Therefore, Mr. Stern explained, it would be prudent for the parties to enter into a schedule allowing Lead Plaintiff to amend the complaint by a date specified after appointment, and setting a schedule for a motion to dismiss.  Mr. Sullivan stated that he would consider the request.  Mr. Stern sent Mr. Sullivan a follow up email setting forth a proposed schedule, attached hereto as Exhibit A.  Mr. Sullivan did not respond to this email.  On November 5, Phillip Kim, a partner with the Rosen Law Firm, sent a follow up email to Mr. Sullivan, reiterating the request for a briefing schedule based on the filing of an amended complaint after appointment of lead plaintiff and lead counsel, attached hereto as Exhibit B. Mr. Sullivan never responded to that email.  On November 10, 2015, Mr. Kim sent a third request to Mr. Sullivan, attached hereto as Exhibit C.  Mr. Sullivan stated that he would respond to Plaintiffs on Friday, the 13th.

On November 11, Plaintiff's counsel Defense counsel a letter, noting that they had determined that Mr. Sullivan was not a member of the bar of the Southern District of New York nor admitted *pro hac vice* and that his initial Rule 11 letter to trigger the safe harbor period was a nullity. (Exhibit D).  On the 13th, Mr. Sullivan responded, by phone, to Plaintiff's numerous communications, stating that he would not agree to consent to Plaintiff's amending the complaint. Mr. Sullivan finally sought pro hac vice admission on November 13, 2015 (Docket No. 16).  Mr. Sullivan did not seek admission *pro hac vice nunc pro tunc*.  Nevertheless, Mr. Sullivan now contends that this Court's order granting him *pro hac vice* admission validates his improperly signed motion *nunc pro tunc*, misstating the nature of the Court's order.  See Docket No. 18, note 5.  In addition, Mr. Sullivan's refusal to consent to Plaintiff's amendment of a complaint after he served a Rule 11 safe harbor notice is evidence that he sent the PSLRA notice in bad faith because he refused to allow amendment of the purportedly defective complaint, a remedy specifically contemplated by the Rule 11 safe harbor provision.

**Defendants' Letter Should be Stricken as Procedurally Improper**

Defendants have stated that they intend to move to dismiss the Amended Complaint and have proposed a briefing schedule, but their letter is five pages long and does not set forth the basis for their motion.  This is at odds with the Court's individual rules of practice.

**Plaintiffs should be Granted Leave to Amend**

Defendants' grounds for denying Plaintiff's leave to amend are frivolous.  "Leave to amend may be denied when (1) the party seeking amendment has unduly delayed; (2) the party seeking amendment is acting in bad faith or with dilatory motive; (3) the amendment would cause undue prejudice to the opposing party; or (4) the amendment is futile." *In re AMF Bowling Sec. Litig.,* No. 99 CIV. 3023 (DC), 2003 WL 2012401, at *2 (S.D.N.Y. May 2, 2003). Defendants present no evidence of undue delay.  Promptly upon receiving Defendants' Rule 11 letter, Plaintiff's sought to set a schedule for amending the complaint and briefing the motion to dismiss.  Defendants then delayed responding for almost the entire safe harbor period. Defendants also have presented no evidence of Plaintiffs' bad faith.

Nor can Defendants show prejudice, an especially difficult task where "discovery had been completely stayed and the case ha[s] not moved beyond the motion to dismiss stage."

2

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10116 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

*McGee v. Doe*, 568 Fed.Appx. 32, 40 (2d Cir. 2014). Defendants argue that they will be unduly prejudiced by delay, because the pendency of the litigation is harmful to their reputation, but such concerns are routine in litigation and if credited would warrant denial of leave to amend in virtually all circumstances. Defendants state that they have been prejudiced by the legal fees they have incurred thus far. But "the fact that one party has spent time and money … will usually not be deemed prejudice sufficient to warrant a deviation from the rule broadly allowing amendment to pleadings." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000). In addition, given that they have not yet filed even a motion to dismiss, Defendants' claim to have generated significant legal fees is totally implausible. Moreover, since for most of the pendency of the litigation, Defense counsel was not properly admitted to practice before this court, any fees generated prior to Mr. Sullivan's admission *pro hac vice* are not legally collectible. *Servidone Const. Corp. v. St. Paul Fire & Marine Ins. Co.*, 911 F. Supp. 560, 579 (N.D.N.Y. 1995) (contract to provide unauthorized legal services unenforceable). If Mr. Sullivan has generated significant fees this early in the litigation, and prior to his *pro hac vice* admission, it is he who has prejudiced his clients, not Plaintiff. Therefore, Plaintiff respectfully suggest that Mr. Sullivan be enjoined from collecting any fee from Defendants for work performed prior to his *pro hac vice* admission, and to return any such fees already collected.

Defendants have also presented no basis to establish that amendment would be futile. While Defendants have improperly failed to set forth in their letter to the court the basis for their anticipated motion to dismiss, they have set forth such grounds in their Rule 11 letter provided to Plaintiff and hosted on Cellceutix's website but not filed with the Court. First, Defendants criticize Plaintiff's reliance on an anonymous report authored by a short-seller, stating that as a matter of law such reliance is improper. But this is plainly wrong. Courts in the Southern District of New York have repeatedly held that reliance on an anonymous short seller report is proper in a case governed by the PSLRA. "The majority of courts that have addressed the issue have held that a short-seller report…does not implicate the same skepticism as a 'traditional' anonymous source." *McIntire v. China MediaExpress Holdings, Inc.*, 927 F. Supp. 2d 105, 123-24 (S.D.N.Y. 2013); *see also Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 564 (S.D.N.Y. 2012) (same). Moreover, to the extent that such reliance is a deficiency in the complaint, it can be remedied by Plaintiff's retention of an expert to verify the scientific claims made by Mako Research.

Defendants claim that the Complaint inadequately alleges scienter. Plaintiff believes that Defendant Krishna Menon's false claim in SEC filings to have a PhD from Harvard University strongly suggests Menon's scienter. In addition, if granted leave to amend, the Complaint will include new allegations showing that Defendants have previously exaggerated Menon's role in the development of important drugs for Eli Lily, falsely claimed that prominent scientists were scientific advisors for Cellceutix, affiliated with aggressive boiler room stock promoters, and have previously been affiliated with numerous failed companies. Plaintiff has also, since filing the First Amended Complaint, have obtained additional information that, upon further investigation, may shed further light on Defendants' scienter.

For the foregoing reasons, Plaintiff respectfully requests leave to file an amended complaint within 45 days of appointment of a lead plaintiff.

Respectfully submitted,

/s/ Laurence Rosen
Laurence Rosen

3

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10116 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827