**ASHCROFT SULLIVAN**™

**VIA ECF & EMAIL**
**(Failla_NYSDChambers@nysd.uscourts.gov)**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Nicole O'Connell, et al. v. Cellceutix Corp., et al., Case No. 1:15-cv-07194-KPF</u>

Dear Judge Failla,

      We write in response to Plaintiff's reply dated November 24, 2015, to our letter-motion dated November 19, 2015, which requested the Court to vacate its October 29, 2015, Order and expedite the appointment of lead plaintiff and counsel. *See* Dkt. 18, 19.  Defendants wish to file this short reply given the substance of Plaintiff's reply, which includes suggestions of unethical conduct. Additionally, in the event Defendants' previous letter-motion exceeded the Court's page limit, the Defendants seek leave to exceed the page limit for the letter-motion dated November 19, 2015 (Dkt. 18).

      **PSLRA Certification Irregularities**. Plaintiff's counsel states that the certifications were sufficient because each plaintiff reviewed and authorized the complaint prior to filing. Conspicuous by its absence is any discussion or explanation regarding the <u>date</u> of the sworn certifications, which was contemporaneous with the posting of the short seller report that the complaint relies solely upon. That means (in the light most favorable to the plaintiffs) the Rosen Law Firm had its Complaint fully drafted and complete within hours of the article's posting on Seeking Alpha in order for it to be plausible for each plaintiff to have attested under penalty of perjury that they reviewed the complaint as of that date. *See* Dkt. 1, 10.

      **Claimed Content of Plaintiff's Second Amended Complaint**. Although Plaintiff's counsel suggests it will expand upon its allegations against Cellceutix in greater detail at a later date, a comparison shows that its proposed amended complaint content is nothing more than merely repeating more of the false and sensational allegations contained in the anonymous short seller article. As such, Plaintiffs themselves make Defendants' argument for futility in proposing to amend the amended complaint.

      **Reliance on Short Seller Report**. In Defendants' view, there is no doubt that any objective person reviewing the as-filed complaint would conclude that it violates Rule 11 because it was not the product of a reasonable inquiry. *See* Dkt. 1, 10. Put simply, if relying solely on an anonymous article a lawyer reads on the internet - without more, which is the case here - is sufficient to file a securities class action lawsuit, then Congress' intent under the PSLRA and Rule 11 mean virtually nothing and imposes no obligation or duty on plaintiffs. That cannot be the case.

      **Pro Hac Vice**. Plaintiff's suggestion that an attorney can do no work on a matter until formally admitted *pro hac vice* is not supported by the law, a lawyer's ethical obligations, or

common sense. Rule 11, for one, is intended to minimize, if not avoid, the necessity of appearances. Furthermore, counsel in this case was retained not only to defend this frivolous action in New York but also to investigate (a point made in the press release) and then to approach enforcement regulators due to the nature of the "short attack" scheme involved here. While the work related to identifying any potential improper manipulation of securities will not be part of any legal fees Defendants will eventually seek under Rule 11, legal work in connection with preparing to defend the action and have the complaint withdrawn is legitimate and violates no rules ethical or otherwise in New York or Massachusetts. It is equally clear that Plaintiffs could have dismissed at any time or sought leave to amend to comply with their Rule 11 obligations within the safe harbor without securing the consent of the Defendants.

**Page Limit**. Defendants' letter-motion came as a direct result of Plaintiff's proposed briefing schedule (not Defendants' motion to dismiss), which had included leave to amend. Defendants' counsel reviewed the Court's local rules as well as this Court's Individual Rules of Practice and determined that the three-page limit applied to a Motion to Dismiss, Motion for Summary Judgment, Motion for Sanctions, and/or discovery motions only. *See* Judge Failla Individual Rules of Practice in Civil Cases 4(a). If that rule nonetheless applied to Defendants' letter-motion and it consequently exceeded either the Court's Individual Rules of Practice or preferences, we apologize and wish to seek leave to exceed the page limit or in the alternative leave to refile in accordance with a three-page limit.

Based on the foregoing, Defendants again respectfully request this Court to: (1) vacate the October 29, 2015, Order; (2) expedite consideration and appointment of lead plaintiff and counsel; and (3) if necessary, grant leave to exceed the page limit for the letter-motion (Dkt. 18) or in the alternative leave to refile in accordance with a three-page limit.

Pursuant to Your Honor's Individual Rules of Practice, Defendants respectfully request oral argument on its letter-motion dated November 19, 2015.

Respectfully Submitted,

By: /s/ Michael J. Sullivan
MICHAEL J. SULLIVAN
*Attorneys for Defendants*

cc: All counsel of record by ECF