**ASHCROFT SULLIVAN**™

January 5, 2016

**VIA ECF & EMAIL**
**(Failla_NYSDChambers@nysd.uscourts.gov)**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>*Gary Zagami, et al. v. Cellceutix Corp., et al.*, Case No. 1:15-cv-07194-KPF</u>

Dear Judge Failla,

    Defendants were about to file this objection to Plaintiff's letter-motion (Dkt. 27), dated December 30, 2015, with the understanding that they had three business days in which to respond to a letter-motion per the Court's Individual Rules. Please note, the call from The Rosen Law Firm requesting this extension occurred at 8:30PM on the evening of December 30, 2015, thus we respectfully request the Court to review this letter, reconsider its Order (Dkt. 28), and rule for Defendants.

    We write to object to Plaintiff's request for an extension of time in which to file a Second Amended Complaint in the above-referenced matter. Defendants respectfully submit that this Court should exercise its discretion to deny the request because Plaintiff has not shown sufficient cause to be entitled to additional time beyond what the Court has already provided to Plaintiff at the recent hearing, and any additional time only further prejudices the Defendants.

    First, according to the mandatory certifications filed on behalf of the only two identifiable plaintiffs in this case, attorneys at The Rosen Law Firm drafted the complaint and amended complaint in a matter of hours. As this Court is aware from briefing in this case, the sensational, anonymous article that targeted Defendant Cellceutix and triggered this class action lawsuit appeared online on August 6, 2015. *See* <http://seekingalpha.com/article/3406365-cellceutix-empty-office-unviable-science-misleading-disclosures-96-percent-downside>. The two certifications that were filed by The Rosen Law Firm along with each complaint declare under penalty of perjury that each respective plaintiff "has reviewed the complaint," and "that the information entered is accurate." *See* Dkt. 1 & 10. Those certifications are dated August 6 & 7, 2015. Plaintiff consequently now has had over *five months* to investigate, prepare and file a properly-supported and -pleaded complaint.

    Second, Plaintiff also has had almost *three months* to file a third complaint since Defendants notified Lead Plaintiff and The Rosen Law Firm that the complaints were frivolous, were filed without satisfying Rule 11 due diligence obligations, and should be withdrawn. Lead Plaintiff and The Rosen Law Firm declined either to withdraw the First Amended Complaint (Dkt. 10), or to undertake efforts with any reasonable diligence or urgency to file another complaint, within Rule 11's safe harbor period.

Third, at the hearing on December 18, 2015, this Court afforded Lead Plaintiff an opportunity to file a properly-supported complaint by granting Plaintiff leave to file a Second Amended Complaint. As this Court is well aware, Defendants opposed any leave to amend, particularly given that the only identifiable plaintiffs in the case have been involved with The Rosen Law Firm since the beginning of the case and given the significant amount of time that has elapsed since the original and amended complaints were filed. Although the Court acknowledged that Defendants "ha[d] the better of the argument," *see* 12/18/15 Tr. 9:24-25, it granted leave to amend, but ruled that "the complaint will be in on the 6th of January," presumably because that would provide more than sufficient time for The Rosen Law Firm to complete and file a proper pleading that could (and should) have been filed months earlier (to the extent it could be accomplished at all). *See* 12/18/15 Tr. 26:13-14.

Representing the Lead Plaintiff, neither Attorney Kim nor Attorney Stern objected to the Court's assessment, or to the scheduling order announced at the conclusion of the hearing. Attorney Stern's belated request now for additional time does not appear to include any new information that was not available to The Rosen Law Firm at the time of the hearing, nor does the request contain any compelling basis for the Court to reconsider its earlier determination and Order that "Plaintiff's Second Amended Complaint will be due no later than January 6, 2016." *See* Dkt. 24. This is particularly true given Attorney Kim's insistence that The Rosen Law Firm took pre-filing steps to "check it out," *see* 12/18/15 Tr. 7:17, as well as his representation to the Court at the hearing – which took place almost three weeks ago – that "work had commenced on the Second Amended Complaint." *See* Dkt. 27.

In conclusion, in Defendants' view, the Court has been very reasonable and understanding in providing Plaintiff and The Rosen Law Firm the opportunity to file another complaint in this matter, particularly given that it is a case brought under the enhanced protections of the Private Securities Litigation Reform Act of 1995, and outside the safe harbor period afforded by Rule 11, which Defendants properly invoked. No additional benefit should be afforded Plaintiffs under the circumstances, and Defendants object to any extension of time to file a third complaint in this matter, and respectfully ask the Court to deny Plaintiff's request.

Respectfully Submitted,

By: /s/ Michael J. Sullivan
MICHAEL J. SULLIVAN

cc: All counsel of record by ECF