**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
Jonathan Stern, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: jstern@rosenlegal.com

Counsel for Plaintiff Zagami

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GARY ZAGAMI, Individually and on Behalf of all Others Similarly Situated,<br><br>         Plaintiff,<br><br>         v.<br><br>CELLCEUTIX CORPORATION, LEO EHRLICH, and KRISHNA MENON,<br><br>         Defendants. | **Case No. 1:15-cv-7194 (KPF)**<br><br>**OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**<br><br>**JURY TRIAL DEMANDED** |

      Generally, on a motion to dismiss for failure to state a claim, the Court may not consider any extraneous material outside a complaint. *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir. 1991). Narrow exceptions do exist. For example, when the moving party seeks to introduce documents outside of the complaint, a district court may consider them if they are integral to the Plaintiffs' claim. *Mangiafico v. Blumenthal,* 471 F.3D 391, 398 (2d Cir. 2006). However, there must be no dispute as to the authenticity of the documents in question: "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer,* 463 F.3d 130, 134 (2d

1

Cir. 2006). Otherwise, if materials outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. *Id.* Most of the documents cited by Defendants are public filings, and while they are judicially noticeable, they are not judicially noticeable for the truth of the contents of those documents. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 410 (2d Cir. 2008). Plaintiff objects to the use of those documents for that purpose.

Defendants' Exhibit 20, however, is not properly judicially noticeable for any purpose. For a document outside of the pleading to be admitted, it must also be clear that "no dispute exists regarding the authenticity or accuracy of the document." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) *citing Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir. 2006); *accord Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 415-16 and n.4 (S.D.N.Y. 2010) (refusing to consider defendant's proffered document because of disputes regarding authenticity even though it apparently bore plaintiffs' signatures); *Cram v. Pepsico Executive Income Deferral Compensation Program*, 08-CV-10627-CS, 2010 WL 4877275, at *4 (S.D.N.Y. Aug. 9, 2010) (refusing to consider document proffered by defendant as authentic document because plaintiff challenged authenticity); *Brown v. DeFrank*, 2006 WL 3313821, at *22 (S.D.N.Y. Nov. 15, 2006) (stating that the court could not consider certain exhibits on a motion to dismiss because the plaintiff objected to the exhibits' authenticity). Defendants have provided absolutely no basis for establishing the authenticity of the transfer agent record that they provided. There is virtually nothing provided to the Court or Plaintiff that could be used to determine whether Exhibit 20 is authentic. For this reason, it should not be judicially noticed.

Dated: March 11, 2016				Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Jonathan Stern
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
Jonathan Stern, Esq.
275 Madison Avenue, 34th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax: (212) 202-3827

*Counsel for Plaintiff Zagami*