**ASHCROFT SULLIVAN**™

June 13, 2016

**VIA ECF & EMAIL**
**(Failla_NYSDChambers@nysd.uscourts.gov)**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *Gary Zagami, et al. v. Cellceutix Corp., et al.*, Case No. 1:15-cv-07194-KPF

Dear Judge Failla,

  We represent Defendants Cellceutix Corporation, Leo Ehrlich, and Krishna Menon (collectively, the "Company") in the above-referenced securities class action brought by Plaintiff Gary Zagami under the Private Securities Litigation Reform Act ("PSLRA"). Defendants respectfully write to seek the Honorable Court's guidance on two related items.

*Background*

  On June 8, 2016, this Court issued an Opinion and Order (Dkt. 49) ("Op.") granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"), denying Plaintiff's request for leave to file another complaint (because "any further repleading would be futile"), and dismissing the case with prejudice. Op. at 39. In Defendants' Memorandum of Law in Support of its Motion to Dismiss (Dkt. 37) ("Defs.' Memo."), Defendants "reserve[d] their right to pursue sanctions pursuant to Rule 11's traditional method, as well as pursuant to the mandatory review process under the PSLRA, which attaches to 'any complaint' filed in the matter. 15 U.S.C. §78u-4(c)(1)&(2)." Defs.' Memo. at 8, n. 8.

  Defendants now wish to seek such relief from the Court in two respects.

  *First*, Defendants wish to invoke their traditional right under Rule 11 to seek sanctions based on the filing of the original Complaint (Dkt. 1) ("Complaint") and First Amended Complaint (Dkt. 10) ("FAC") without complying with Rule 11's due diligence requirements. At the beginning of this litigation, Defendants served Plaintiff and his counsel, the Rosen Law Firm, with a 14-page communication, *see* Ex. 1, and a Notice and Proposed Motion for Rule 11 Sanctions, *see* Ex. 2, explaining that the allegations in the complaints lacked a reasonable basis in fact and law, and that the lawsuit should be voluntarily dismissed. Plaintiff and his counsel declined either to withdraw the complaint, or to file a properly-pled and -supported complaint, within the 21-day safe harbor period.[1]

  *Second*, relatedly, Defendants are unaware of the process the Court wishes to follow to implement the PSLRA's requirement upon final adjudication that "the court shall include in the

---

[1] Defendants first served Plaintiff and his counsel on October 23, 2015, and, out of an abundance of caution, re-served Plaintiff and his counsel on November 19, 2015. Plaintiff did not file the SAC until January 11, 2016.

record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." *See* 15 U.S.C. §78u-4(c)(1). Specifically, in Defendants' view, Plaintiff and Plaintiff's counsel failed to comply with Rule 11 due diligence requirements (a) before filing the Complaint and FAC, and (b) before filing the SAC, which substantially abandoned the earlier claims in the litigation, and instead made new claims that were directly contradicted by publicly-available Forms 10-K, or unsupported by a fair reading of the Company's press releases and statements, as the Court found in its Opinion.

In this regard, Defendants are aware that, in at least one case arising under the PSLRA in the Southern District of New York, U.S. District Judge Denise L. Cote ordered the parties to brief the issue for the court's consideration. *See* Ex. 3. Specifically, the Court in that case ordered the plaintiff to file proposed findings of fact and conclusions of law within 30 days, and the defendants to file their opposition within seven days thereafter.

### *Specific Guidance Sought by Defendants*

1. Concerning Defendants' request for traditional Rule 11 sanctions, would the Court prefer: (a) Defendants to file a letter under Rule 4(A) of your Honor's Individual Rules of Practice describing the grounds for its proposed motion and requesting a pre-motion conference; or (b) the parties to follow some other process?

2. To implement the mandates of the PSLRA, would the Court prefer: (a) the parties to follow the process outlined above by the Honorable Judge Cote; (b) Defendants to file proposed findings of fact and conclusions of law within 21 days, with Plaintiff's response due 21 days thereafter, and Defendants' reply, if any, due within seven days; or (c) the parties to follow some other process?

Respectfully Submitted,

By:   /s/ Michael J. Sullivan
      MICHAEL J. SULLIVAN

cc: All counsel of record by ECF