# EXHIBIT 2

**The Ashcroft Law Firm, LLC**
Michael J. Sullivan, Esq.
200 State Street, 7th Floor
Boston, MA  02109
Tel:  (617) 573-9400
Fax:  (617) 933-7607
MSullivan@Ashcroftlawfirm.com

Counsel for Defendants

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

_____
                                          )
                                          )
GARY ZAGAMI, Individually and on Behalf   )
of all Others Similarly Situated,         )
                                          )
                                          )  **Case No. 1:15-cv-7194 (KPF)**
                                          )
Plaintiff,                                )
                                          )
                                          )  **NOTICE OF MOTION AND MOTION FOR**
v.                                        )  **SANCTIONS PURSUANT TO FED. R. CIV. P.**
                                          )  **RULE 11**
                                          )
CELLCEUTIX CORPORATION, LEO               )  **ORAL ARGUMENT REQUESTED**
EHRLICH, AND KRISHNA MENON,               )
                                          )
Defendants.                               )
_____    )

PLEASE TAKE NOTICE THAT on MONTH, DAY, 2015, or as soon thereafter as counsel may be heard, THE ASHCROFT LAW FIRM, LLC, counsel to Defendants, will move this Court before the Honorable Katherine Polk Failla, at the United States District Courthouse, 500 Pearl Street, New York, New York, pursuant to Federal Rules of Civil Procedure 11, for an order granting sanctions against Plaintiff and Plaintiff's counsel, and for such other and further relief as this Court may determine to be just and proper.  In support of this Motion, the Defendants state the following:

- 1 -

1. Plaintiff, by and through their counsel, the Rosen Law Firm, PA, filed a securities class action Complaint in this matter on September 11, 2015, and an Amended Complaint on September 24, 2015 (the "Complaints").

2. Defendant Cellceutix Corporation ("Cellceutix" or the "Company"), headquartered in Beverly, MA, is a clinical stage biopharmaceutical company developing innovative and potentially life-saving therapies in oncology, dermatology and antimicrobial applications.

3. The Company owns the rights to numerous drug compounds, and has numerous clinical trials underway, including at Harvard University's Dana-Farber Cancer Institute and partner Beth Israel Deaconess Medical Center. *See* Cellceutix Corporate Fact Sheet <http://cellceutix.com/wp-content/uploads/2015/06/Cellceutix-Fact-Sheet-June-2015-flattened-1.pdf>.

4. Defendants Leo Erlich and Krishna Menon are corporate officers of Cellceutix.

5. Plaintiff has conceded in the Complaints that the factual allegations are based upon an article posted on the internet.

6. That article is entitled "*Cellceutix: Empty Office, Unviable 'Science', Misleading Disclosures, 96% Downside*." *See* <http://seekingalpha.com/article/3406365-cellceutix-empty-office-unviable-science-misleading-disclosures-96-percent-downside>.

7. The article was written by Mako Research, a pseudonym taken by an anonymous user who, among other things, is responsible for preparing numerous questionable articles on various securities in which it is a short seller.

8. Short sellers operate by speculating that the price of a security will decrease, and, as such, "have an obvious motive to exaggerate the infirmities of the securities in which they

speculate." *See In re Longtop Financial Technologies Limited Securities Litigation*, 910 F.Supp.2d 561, 577-78 (S.D.N.Y. 2012).

9. The article targeting Cellceutix made various false and inflammatory assertions regarding the Company, including but not limited to claiming that it was a shell corporation with empty offices, that the Company's drugs (Kevedrin and Brilacidin) – which are both currently in clinical trial stages – were ineffective, and that its corporate officers have been associated with wrongdoing and had made misrepresentations regarding educational background.

10. The Complaints fail to disclose the fact that the author of the article is an anonymous short seller. Instead, the Complaints attribute the article to the website where the article appeared, namely, Seeking Alpha.

11. Seeking Alpha (www.seekingalpha.com) has been described as "a virtual bulletin board and as an open discussion forum where people can publish commentary and articles covering U.S. financial markets." *Matter of Nanoviricides, Inc. v Seeking Alpha, Inc.*, 2014 NY Slip Op 31681(U) (Sup Ct, New York County) (June 26, 2014), at p. 2. It is "overwhelmingly comprised of posts by third-party sources." *Id.*

12. At least one New York court has ruled that articles posted on Seeking Alpha should be met with skepticism by reader and treated merely as opinion. *See Matter of Nanoviricides, Inc. v Seeking Alpha, Inc.*, 2014 NY Slip Op 31681(U)(Sup Ct, New York County)(June 26, 2014), at 9-10.

13. On August 6, 2015, at 10:30 AM, the anonymous Mako Research article targeting Cellceutix, appeared on Seeking Alpha.

14. Two hours later on August 6, 2015, at 12:41 PM, The Rosen Law Firm, P.A., released an "Equity Alert" in which it announced that it was "preparing a class action lawsuit to recover

losses suffered by Cellceutix investors" as a result of the Company's materially false and misleading statements. *See* Equity Alert <http://www.businesswire.com/news/home/20150806006164/en/>.

15. The Company's stock price, which opened at $2.47, fell dramatically on news of the Mako Research "report" and The Rosen Law Firm's "Equity Alert" that followed. It closed at $1.71, losing approximately 30% of its value.

16. As such, Defendants have suffered significant damages including, but not limited to, a substantial diminution in its stock price as a result of the initial posting of the false "report" referenced above. Those losses, however, have been overshadowed by the catastrophic damages that have come as a direct result of the improper decision by Plaintiff's counsel to issue a so-called "Equity Alert" on the same day and subsequently file a class action lawsuit. These actions also have jeopardized the profound public interest in the development of life-saving drugs.

17. A review of publicly-available information on the internet reveals that scientists, investors, and reporters (as well as the Company) immediately challenged the validity of the assertions in the Mako Research posting.

18. For instance, *Boston Business Journal* reporter Don Seiffert visited the Company's headquarters on August 14, and published an article (complete with photographs) debunking the claim that Cellceutix is a shell company and is run out of an empty office building. *See* entitled *See* "*My visit to Cellceutix, the biotech that a short seller recently called a sham*" <http://www.bizjournals.com/boston/blog/bioflash/2015/08/my-visit-to-cellceutix-the-biotech-that-a-short.html>.

19. That article also highlighted a letter from researcher and an expert in Brilacidin who "was appalled at the vast number of factual errors and misleading statements presented in the article." The scientist also concluded that "the reference to an 'unviable science' that appears in the [Seeking Alpha] article's title and throughout the text as patently untrue," and that certain "arguments presented in the article that were based on review by an 'independent scientist with Doctorate in Biochemistry' as specious and in certain instances laughable." *See* Letter to Seeking Alpha <http://cellceutix.com/letter-to-seeking-alpha/#sthash.2NvuPo6l.dpbs>.

20. The Company itself also released a point-by-point rebuttal to the claims in the article on August 7. *See* Cellceutix Release <http://cellceutix.com/cellceutix-provides-insights-to-its-four-clinical-trials-for-the-treatment-of-abssssi-completed-phase-2-anti-cancer-phase-1-psoriasis-phase-2-and-oral-mucositis-in-head-and-neck-cancer-patient/#sthash.7RYBLXez.XVbiSnqH.dpbs>.

21. With respect to the corporate officer who was alleged to have falsely stated receiving his Ph.D. in Pharmacology from Harvard University, a review of readily-available, "United States Securities and Exchange Commission ('SEC') filings" reveal that going back to 2010, the Company's 10-Ks consistently have disclosed that "he earned his PhD in Pharmacology from Kerala University." *See* <http://www.sec.gov/Archives/edgar/data/1355250/000135525010000023/form10k.htm (2010)>. These 10-Ks cover the period of time of the putative class, namely purchasers between May 10, 2013 and August 6, 2015.

22. Further review of "information readily obtainable on the Internet" reveal that neither Brilacidin nor Kevetrin has failed any clinical trials nor has the FDA taken any adverse position with respect to future approval.

23. To the contrary, review of "information readily obtainable on the Internet" (specifically, ClinicalTrials.gov) reveal detailed information regarding the efficacy and clinical success (to date) of Brilacidin.

24. Nonetheless, the Rosen Law Firm moved forward and filed its securities class action lawsuit on September 11, 2015. The complaint was based exclusively on the anonymous article targeting Cellceutix, and contains no information that would show that any independent investigation or any reasonable due diligence was conducted regarding the claims in the anonymous article.

25. At no time prior to filing the Complaint or Amended Complaint did the Rosen Law Firm or any of its agents contact the Company or any of its officers to investigate or take steps to corroborate any of the content in the Mako Research article.

26. Defendants believe this Court should hold Plaintiff and his counsel liable under Fed. R. Civ. P. 11 for the filing of a Complaint and Amended Complaint without conducting a reasonable inquiry regarding the allegations cited therein.

27. As such, Plaintiffs lacked a legitimate basis in law or fact to rely upon the content of the article to file this class action lawsuit.

28. In fact, had Plaintiff and his counsel completed even a modest amount of due diligence, they would have found that the claims in that article by an anonymous, self-proclaimed short seller – which they decided to rely upon exclusively and subsequently reproduced as factual allegations of their own – were demonstrably false.

29. Under Rule 11, "an attorney has an affirmative duty to make 'reasonable inquiry into the facts and the law.'" *Perez v. Posse Comitatus*, 373 F.3d 321, 324 (2d Cir. 2004)(quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991)).

30. Liability for Rule 11 violations requires only a showing of objective unreasonableness on the part of the attorney signing the pleading. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009).

31. It was objectively unreasonable for Plaintiff and his counsel to rely upon the content of the article, particularly given that the author of the article was anonymous, admitted to being a short seller of the target company, and did not reveal the name of the investigator that the author allegedly hired as its "scientific" resource in support of its underlying factual assertions.

32. Based on the above, Defendant believes that it is apparent that a reasonable inquiry into the facts of the Complaint and Amended Complaint was not undertaken prior to filing by the Rosen Law Firm in contravention of Rule 11.

33. Although the Plaintiff's Complaints claim (in the first sentence in what appears to be boiler-plate language) that an effort was made to investigate the allegations "which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Cellceutix Corporation ("Cellceutix" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet," the evidence clearly suggests otherwise.

34. As discussed in detail above, had Plaintiff and the Rosen Law Firm conducted a reasonable inquiry, they would have found that the assertions in the article and as reproduced in the Complaints were not well grounded in fact.

35. Defendants likewise believe that the assertions in the complaints may not be well grounded in law.

36. Specifically, the complaints contain legal deficiencies. For example, venue appears to be improper, as Cellceutix is a company doing business in Massachusetts, none of the alleged "false statements" were made in New York, and there is nothing additional in the Complaints that justifies the venue selection of the Southern District of New York.

37. Regarding the substantive legal claims, among other things, the securities fraud allegations in the complaints insufficiently plead falsity. In fact, the Company has at all times properly characterized and reported the status of its drugs and clinical trials, and courts have routinely dismissed securities claims alleging otherwise

38. The securities fraud allegations in the complaints likewise insufficiently plead scienter, the mental state embracing an intent to deceive, manipulate, or defraud.

39. Defendant finally believes that evidence may reveal that the complaint was filed for an improper purpose, including but not limited to, as part of a possible conspiracy to manipulate the securities market by short sellers.

40. Defendants do not by any means suggest that the Rosen Law Firm has been or is engaged in any impropriety beyond filing a frivolous complaint, but reserves it right to argue at a later date that sanctions may warranted for the filing of a complaint for an improper purpose.

41. In sum, Defendants respectfully submit that simply copying and pasting an anonymous, obviously-biased posting from what is essentially an internet message board does not

constitute a personal, reasonable inquiry that satisfies. Rule 11. Attorneys who have relied on far more objectively reputable sources have been sanctioned for less. *Garr v. U.S. Healthcare, Inc.,* 22 F.3d 1274, 1280 (3d Cir. 1994)(attorneys violated Rule 11 by failing to personally investigate the law and facts underlying a securities-fraud complaint and instead only relying on a newspaper article, another complaint, and another attorney).

Dated:  MONTH, DAY, 2015              Respectfully Submitted,

**ASHCROFT LAW FIRM, LLC**

/s/ Michael J. Sullivan
Michael J. Sullivan

Attorneys for Defendants