**MEMO ENDORSED**

ASHCROFT SULLIVAN™

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 20, 2016

June 20, 2016

**VIA ECF & EMAIL**
**(Failla_NYSDChambers@nysd.uscourts.gov)**

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Gary Zagami, et al. v. Cellceutix Corp., et al., Case No. 1:15-cv-07194-KPF*

Dear Judge Failla,

    We represent Defendants Cellceutix Corporation, Leo Ehrlich, and Krishna Menon (the "Company") in the above-referenced securities class action. Pursuant to your Honor's Rule 4(A) and June 14, 2016, Memo Endorsement (Dkt. 52), Defendants write to request a pre-motion conference for its proposed motion/request for Rule 11 sanctions. Plaintiff does not consent.

*Introduction*

    As your Honor is aware, on June 8, 2016, this Court issued an Opinion and Order ("Op.") (Dkt. 49) granting Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") (Dkt. 32), denying Plaintiff's request for leave to file another complaint (because "any further repleading would be futile"), and dismissing the case with prejudice. Op. at 39. Defendants reserved its right to seek sanctions pursuant to "Rule 11's traditional method" and the PSLRA's mandatory review process. 15 U.S.C. §78u-4(c)(1).

    Specifically, Defendants seek sanctions against Plaintiff's counsel (the Rosen Law Firm), and Plaintiffs (one, a former client), for (a) failing to comply with Rule 11's requirement that "the factual contentions have evidentiary support," *see* Rule 11(b)(3)), before filing the original complaint ("Complaint") (Dkt. 1), and the First Amended Complaint ("FAC") (Dkt. 10), which is substantively identical except for the named plaintiff, (b) failing to make "an inquiry reasonable under the circumstances," *see* Rule 11(b), before filing the SAC, because, as the Court found, the claims were flatly contradicted either by publicly-available documents (represented to have been reviewed prior to filing), or a fair reading of the documents forming the basis of the claim; and (3) filing the SAC for an improper purpose, such as to increase the chances of obtaining a settlement, or avoiding Defendants' stated intent to seek Rule 11 sanctions, which "needlessly increase[d] the cost of litigation" for Defendants, *see* Rule 11(b)(1).

    Because the PSLRA does not "purport to alter the substantive standards for finding a violation of Rule 11," *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 167 (2d Cir. 1999), Defendants believe that the required *sua sponte* PSLRA finding should consume a motion for "traditional" Rule 11 sanctions, thereby making that separate, formal motion unnecessary. Notwithstanding that observation and out of abundance of caution, Defendants describe the threshold grounds for its proposed motion and/or request for Rule 11 sanctions below, and wish to brief the issue for this Court's fuller consideration.

*Applicable Law*

Under Rule 11, "an attorney has an affirmative duty to make 'reasonable inquiry into the facts and the law.'" *Perez v. Posse Comitatus*, 373 F.3d 321, 324 (2d Cir. 2004) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991)). Liability for Rule 11 violations requires only a showing of objective unreasonableness on the part of the attorney signing the pleading. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009) (affirming sanctions where "attorney lacked any reasonable factual basis"); *see id*. at 152 ("[T]he mandate of the PSLRA obviates the need to find bad faith prior to the imposition of sanctions.").

Professional responsibilities under Rule 11 are personal in nature, and cannot be satisfied by merely copying or relying on the work product of another, particularly where the allegations are unsupported by any additional information or independent investigation. *See Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1280 (3d Cir. 1994) (attorneys violated Rule 11 by failing to personally investigate the law and facts underlying a securities-fraud complaint and by instead relying only on a newspaper article, another complaint, and another attorney).

To help correct perceived class action abuses, the PSLRA "*requires* district courts, at the conclusion of private actions arising under federal securities laws, to make Rule 11 findings as to each party and each attorney, ... and if a Rule 11 violation is found, the statute *requires* courts to impose sanctions." *ATSI Commc'ns, Inc.*, 579 F.3d at 152 (internal citations omitted) (emphasis in original); *see also* 15 U.S.C. §78u-4 (c)(3)(A)(ii) ("the court shall adopt a presumption that the appropriate sanction … for substantial failure of **any complaint** to comply with **any requirement** of Rule 11(b) … is an award to the opposing party of the reasonable attorneys' fees and other **expenses incurred in the action**") (emphases added). Moreover, even if some of the plaintiff's claims were meritorious, the case, as a whole, can be abusive and thus still may warrant sanctions against the attorney, including all of defendant's attorneys' fees and expenses. *Gurary v. Nu–Tech Bio–Med, Inc.*, 303 F.3d 212, 226 (2d Cir. 2002).

*Grounds for Proposed Motion/Request for Rule 11 Sanctions*

At every step of this litigation, Plaintiffs and the Rosen Law Firm had an opportunity to walk away from a class action lawsuit that should have never been filed in the first place. At each juncture, Plaintiffs and the Rosen Law Firm – with either an intentional or reckless disregard of the consequences – decided to push forward nonetheless. Such conduct subjects them to sanctions under Rule 11 and the PSLRA.

*First*, according to a certification attested to under the pains of perjury, Plaintiffs and the Rosen Law Firm concede that the Complaint and FAC were drafted, reviewed, and authorized for filing **in a matter of hours** following "the on-line posting of a scathing article by an admitted (and thus admittedly self-interested) short seller." Op. at 1, 3. Such blind reliance on an on-line posting by an anonymous and biased author fails to comply with Rule 11. *See Nanoviricides v. Seeking Alpha, Inc.,* 2014 WL 2930753, at *6 (N.Y.Sup. Jun. 26, 2014) (readers should treat anonymous third-party content on *Seeking Alpha* "as opinion rather than fact"); *Garr*, 22 F.3d at 1279 (future discovery irrelevant; "'[a] shot in the dark is a sanctionable event ….'") (citations omitted). Any other interpretation would render Rule 11's obligation of "an inquiry reasonable under the circumstances" and concomitant certification to the Court that "the factual contentions have evidentiary support," virtually meaningless. Fed. R. Civ. P. 11(b).

*Second*, the generalized claims and false factual allegations gleaned from the on-line posting in the Complaint and FAC – for example, that Cellceutix is a sham company, without employees or legitimate research studies, FAC ¶23, that the Company's drug "Brilacidin is not effective," *id*. ¶22, and its anti-cancer drug "Kevetrin does not activate the p-53 gene, which is a tumor suppressor" *id*. – demonstrate non-compliance with Rule 11's due diligence obligations, which attach ***before filing the complaint***. A modest inquiry would have shown these allegations to have been false, which should have raised a serious red-flag as to the posting's reliability.

*Third*, at the beginning of this litigation, Defendants sent Lead Plaintiff and the Rosen Law Firm a 14-page communication, *see* Dkt 51-1 ("Rule 11 Letter"), and a Notice and Proposed Motion for Rule 11 Sanctions, *see* Dkt. 51-2, explaining that it was unreasonable to rely upon the on-line posting as a basis for filing a federal class action, *see* Dkt. 51-1 at 6-8, and providing an allegation-by-allegation chart showing that a reasonable inquiry would have shown that the posting assertions – and by extension, the complaint allegations – were frivolous, *id*. at 9-12. Defendants then gave Lead Plaintiff and the Rosen Law Firm the opportunity to dismiss the FAC within Rule 11's safe harbor – a benefit not typically afforded to PSLRA plaintiffs.[1] Lead Plaintiff and the Rosen Law Firm rejected that offer, and declined either to withdraw the complaint, or to file a properly-pled and -supported complaint, within the safe harbor period.

*Fourth*, instead of withdrawing the FAC, Lead Plaintiff and the Rosen Law Firm instead later filed the SAC in an attempt to salvage this litigation. In the SAC, Lead Plaintiff and the Rosen Law Firm cobbled together an assortment of statements that they claimed were false or misleading, even though, as the Court found, Forms 10-K (which were represented to have been reviewed), and a fair reading of the Company's press releases and statements, flatly refuted those claims. This includes a new non-disclosure claim – outside the class period in the PSLRA notice – which failed because the Company "in fact made the appropriate disclosures." Op. at 33-36.

### *Conclusion*

In Defendants' view, the foregoing conduct shows an improper pattern and practice, constitutes a "substantial failure" to comply with "any requirement of Rule 11(b)," and represents abusive litigation. Under the PSLRA, this subjects Plaintiffs and the Rosen Law Firm to "full sanctions," which is an award of "'reasonable attorneys' fees and other expenses incurred ***in the action***.' 15 U.S.C. § 78u–4(c)(3)(A)(ii) (emphasis added).'" *Gurary*, 303 F.3d at 225, 226. In addition, Defendants' earlier efforts to secure compliance with Rule 11 show that this award is "reasonable" and that Defendants have not "unnecessarily increased the costs, and thereby unnecessarily increased the sanctions" in the litigation. *ATSI Commc'ns, Inc.*, 579 F.3d at 155.

Respectfully Submitted,

By:   /s/ Michael J. Sullivan
      MICHAEL J. SULLIVAN

cc: All counsel of record by ECF

---

[1] The Second Circuit has held that the PSLRA's sanctions provision forecloses the kind of safe harbor typically afforded in Rule 11(c)(2) because "the statute itself puts litigants on notice that the court must (and therefore will) make Rule 11 findings at the conclusion of private litigations arising under the federal securities laws." *ATSI Commc'ns, Inc.*, 579 F.3d at 152. That is not to say that Rule 11 motions are discouraged, however. *Id*. at 154-55.

Application GRANTED. The parties are directed to appear for a conference on Defendants' contemplated motion for sanctions on **Friday, July 15, 2016, at 2:30 p.m.** in courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

Dated:  June 20, 2016
        New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE