

**The Rosen Law Firm**
INVESTOR COUNSEL

Jonathan Stern
jstern@rosenlegal.com

June 22, 2016

**BY ECF**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

     Re: *Zagami v. Cellceutix Corporation,* 1:15-CV-07194 (KPF)

Your Honor:

     I write on behalf of Plaintiff in response to Defendants' letter dated June 20, 2016, requesting a pre-motion conference regarding their proposed motions for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendants' pre-motion letter demonstrates that their case for the imposition of sanctions is baseless, and it is Defendants who have committed sanctionable conduct.

### DEFENDANTS' GROUNDS FOR SANCTIONS ARE BASELESS

     Defendants provide several reasons for the imposition of sanctions. None of them have any merit.

     First, Defendants claim that the initial Complaint and First Amended Complaint were drafted, reviewed, and authorized for filing within hours of the initial posting from a short-seller. But Defendants mischaracterize what actually occurred, and have no basis for knowing Plaintiff's counsel's drafting processes. After obtaining PSLRA certifications, Plaintiff's counsel spent over one month verifying the allegations in the Complaint and ensuring that any allegations included were the product of a reasonable inquiry. As Defendants note, Rule 11 requires verification of allegations before *filing* a complaint. It does not require that inquiry before the signing of a PSLRA certification.

     Second, Defendants' contention that the initial complaint and the FAC reflect factual inaccuracies included in the short-seller report is without merit. Defendants assert that the Complaint cites the short seller report as stating that "Cellceutix is a sham company, without employees or legitimate research studies." But no complaint contains such an allegation. Defendants assert that the complaints referred to Brilacidin as ineffective. But Plaintiffs did not rely blindly on the short seller report, but instead investigated the literature cited by the short sellers, and determined that literature to be credible. Similarly, the allegation that Kevetrin does not activate P-53 was based on a close review of the literature cited by the short seller report.

Third, Defendants' assertion that Plaintiff failed to comply with the safe harbor is false because the safe harbor provision allows withdrawal or amendment "within 21 days after service or within another time the court sets." Fed R. Civ. P. 11(c)(2). After receiving Defendants' motion, Plaintiffs in fact requested an extension of time, in part, to file a Second Amended Complaint to address the issues raised in the safe harbor letter, Docket No. 19, and the Court set a schedule for amending the Complaint. Docket No. 24.

Fourth, Defendants' argument that the Second Amended Complaint was frivolous simply because the Court did not ultimately sustain the allegations contained therein is totally without merit. As numerous courts have recognized, a Complaint is not frivolous merely because it is ultimately rejected by the Court. "A distinction must be drawn between a position which is 'merely "losing"' and one which is both 'losing and sanctionable.'" *Sec. Indus. Ass'n v. Clarke*, 898 F.2d 318, 321 (2d Cir. 1990), *quoting Motown Prods., Inc. v. Cacomm, Inc.*, 849 F.2d 781, 785 (2d Cir. 1988). In conducting this inquiry, the Second Circuit has instructed that all doubts be resolved in favor of the signer of the questioned document. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993). Therefore, Defendants' argument that sanctions are warranted merely because the Court ultimately found grounds to dismiss the Complaint is without merit.

## DEFENDANTS' MOTION TO DISMISS CONTAINED FRIVILOUS ARGUMENTS, WARRANTING SANCTIONS

Notwithstanding the fact that Defendants ultimately prevailed on their motion to dismiss, Defendants nevertheless presented frivolous arguments in their motion that are sanctionable. Defendants claimed that venue and failure to republish PSLRA early notices are jurisdictional barriers to the Court reaching the substance of the Complaint. This is flatly inaccurate. It is black-letter law that venue is distinct from jurisdiction. "Sometimes venue is confused with subject matter jurisdiction. This ought not happen, because the two concepts are quite different." § 3801Venue Distinguished from Jurisdiction, 14D Fed. Prac. & Proc. Juris. § 3801 (4th ed.). As the Supreme Court has noted, "venue and subject-matter jurisdiction are not concepts of the same order." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305, 126 S. Ct. 941, 944, 163 L. Ed. 2d 797 (2006). To claim that improper venue is a jurisdictional defect is the height of a frivolous argument.

Similarly, it was frivolous to claim that Plaintiff had an obligation to republish notice, or that the failure to do so was jurisdictional or grounds for dismissal. In the one case that Defendants could identify where notice was insufficient, the court did not dismiss, but merely required republication of notice. *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, No. 05 CIV. 1898 (SAS), 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005). This solution would not be available if the failure to republish was a jurisdictional defect. Nor was republication even necessary in the context of the Second Amended Complaint. "Courts, however, disfavor republication of notice under PSLRA when a class period is extended beyond the period contained in the first-filed securities class action." *Turner v. ShengdaTech, Inc.*, No. 11 CIV. 1918 TPG, 2011 WL 6110438, at *3 (S.D.N.Y. Dec. 6, 2011). Therefore, republication was clearly not warranted and Defendants merely sought to have Plaintiff waste time and money in a needless republication exercise.

2

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10116 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

**DEFENSE COUNSEL'S UNAUTHORIZED PRACTICE OF LAW IS SANCTIONABLE**

Federal Courts have the inherent power to sanction the unauthorized practice of law. *United States v. Johnson*, 327 F.3d 554, 561 (7th Cir. 2003); *Drake v. Ham*, No. CIV.A. 3:06-1611MJPJ, 2007 WL 2302575, at *2 (D.S.C. Aug. 9, 2007). Mr. Sullivan has unambiguously committed the unauthorized practice of law. "'Practice of law' includes 'the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, No. 88 CIV. 4486 (DNE), 1996 WL 383237, *3 (S.D.N.Y. July 8, 1996) (*quoting In re Schwerzmann*, 408 N.Y.S.2d 187, 189 (App. Div. 1978)). Mr. Sullivan committed the unauthorized practice of law by preparing, signing and serving upon Plaintiffs a motion for sanctions without first obtaining *pro hac vice* admission before this Court.

Respectfully submitted,

/s/ Jonathan Stern
Jonathan Stern

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10116 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827